

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. O-1974
Re: Section 9 of Article 8, Texas
Constitution - Permanent Improve-
ment Funds - County Clerk's Record
Books - Article 6675a-10, Revised
Civil Statutes - Transfer of funds.

Your request for opinion upon the following
questions:

"1. May record books for the office of
the County Clerk of Hays County, Texas be
paid for out of the constitutional improve-
ment fund?

"2. May automobile registration fees
under Article 6675a-10, Revised Civil Statutes
of Texas, be legally transferred from the road
and bridge fund of Hays County, Texas to the
general fund of said county?"

has been received and carefully considered by this depart-
ment.

Section 9 of Article 8 of the Texas Constitution
reads as follows:

"The State tax on property, exclusive of
the tax necessary to pay the public debt, and
of the taxes provided for the benefit of the
public free schools, shall never exceed thirty-
five cents on the one hundred dollars valua-
tion; and no county, city or town shall levy
more than twenty-five cents for city or county

Hon. Henry C. Kyle, Page 2

purposes, and not exceeding fifteen cents
for roads and bridges, and not exceeding
fifteen cents to pay jurors, on the one hun-
dred dollars valuation, except for the pay-
ment of debts incurred prior to the adoption
of the amendment September 25th, 1883; and
for the erection of public buildings, streets,
sewers, water works and other permanent im-
provements, not to exceed twenty-five cents
on the one hundred dollars valuation, in any
one year, and except as is in this Constitu-
tion otherwise provided; and the Legislature
may also authorize an additional annual ad
valorem tax to be levied and collected for
the further maintenance of the public roads;
provided, that a majority of the qualified
property tax-paying voters of the county vot-
ing at an election to be held for that pur-
pose shall vote such tax, not to exceed fif-
teen cents on the one hundred dollars valua-
tion of the property subject to taxation in
such county. And the Legislature may pass
local laws for the maintenance of the public
roads and highways, without the local notice
required for special or local laws."

Article 2352, Revised Civil Statutes, referring
to the commissioners' court, reads as follows:

"Said court shall have the power to levy
and collect a tax for county purposes, not to
exceed twenty-five cents on the one hundred
dollars valuation, and a tax not to exceed
fifteen cents on the one hundred dollars val-
uation to supplement the jury fund of the
county, and not to exceed fifteen cents for
roads and bridges on the one hundred dollars
valuation, except for the payment of debts
incurred prior to the adoption of the amend-
ment to the Constitution, September 25, A. D.
1883, and for the erection of public buildings,
streets, sewers, water works and other perman-
ent improvements, not to exceed twenty-five

Hon. Henry C. Kyle, Page 3

cents on the one hundred dollars valuation
in any one year, and except as in the Con-
stitution otherwise provided. They may levy
an additional tax for road purposes not to
exceed fifteen cents on the one hundred dol-
lar valuation of the property subject to
taxation, under the limitations and in the
manner provided for in Article 8, Sec. 9,
of the Constitution and in pursuance of the
laws relating thereto."

Article 6593, Revised Civil Statutes, reads
as follows:

"Each county clerk shall provide suit-
able books for his office, and keep regular
and faithful accounts of the expenses there-
of. Such accounts shall be audited by the
commissioners court and paid out of the county
treasury."

Section 9 of Article 8 of the Texas Constitution,
above quoted, prescribes the maximum rate of taxes for
general purposes, for roads and bridges, for juries, and
for the erection of public buildings, streets, sewers,
water works and other permanent improvements. The imme-
diate purpose of said provision of the Constitution is to
limit the amount of taxes that might be raised for the
several purposes; but it is also designated to inhibit
excessive expenditures for any such purpose, and to re-
quire that any and all monies raised for taxation shall
be applied to that particular purpose and no other. See
the case of Ault vs. Hale County, 116 SW 359.

The case of Carroll vs. Williams, 202 SW 504,
holds, among other things, that the Constitution contem-
plates that, as a matter of common honesty and fair
dealings, tax money taken from the people ostensibly for
one purpose shall be expended for that purpose alone, as
well as the tax rate, for that particular class, shall
not exceed the prescribed maximum.

The case of Henderson County vs. Burke, 262 SW
94, holds, among other things, that the statute requires
that any and all money raised by taxation for any such

Hon. Henry C. Kyle, Page 4

purpose shall be applied, faithfully to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. See Article 2352, Revised Civil Statutes.

Opinion No. O-1810 of this department holds that money from the permanent improvement fund cannot be legally used to purchase road machinery.

We call your attention to the following language in Section 9 of Article 8 of the Constitution, to-wit:

"for the erection of public buildings, streets, sewers, water works and other permanent improvements."

Under the familiar rule of construction known as "ejusdem generis", record books of the county clerk could not be reasonably construed to be an "other permanent improvement."

In answer to your first question you are respectfully advised that it is the opinion of this department that the same should be answered in the negative and it is so answered.

With reference to your second question, we respectfully call your attention to the following pertinent provisions of Section 10 of Article 6675a, Revised Civil Statutes, to-wit:

"None of the monies so placed to the credit of the Road and Bridge Fund of a county shall be used to pay the salary or compensation of any county judge or county commissioner, but all said monies shall be used for the construction and maintenance of lateral roads in such county under the supervision of the county engineer, if there be one, and if there is no such engineer, then the county commissioners' court shall have the authority to command the services of the division engineer of the State

Highway Department for the purpose of supervising the construction and surveying of lateral roads in their respective counties. All funds allocated to the counties by the provisions of this act (Arts. 6675a-1 to 6675a-14; Penal Code Art. 807a) may be used by the counties in the payment of obligations, if any issued and incurred in the construction of and improvement of all roads, including State Highways of such counties and districts therein; or of the improvement of the roads comprising the county road system."

Opinion No. 0-1161 of this department, holds that the commissioners' court of Gregg County, Texas, cannot legally transfer monies received from automobile registrations to the officers' salary fund of the county, regardless of the status of the general fund of said county.

Section 10 of Article 6675a, supra, specifically provides how such funds shall be expended and such provisions are clear and unambiguous.

In answer to your second question, you are respectfully advised that it is the opinion of this department that the same should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:AW

APPROVED MAR 5, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN